IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN LABORERS HEALTH FUND,
WISCONSIN LABORERS PENSION FUND,
WISCONSIN LABORERS APPRENTICESHIP
AND TRAINING FUND, THOMAS FISHER
(in his capacity as Trustee) and WISCONSIN
LABORERS-EMPLOYERS COOPERATION AND
EDUCATION TRUST FUND,

ORDER FOR DEFAULT
AND INJUNCTIVE RELIEF

Case No. 10-cv-205-wmc

Plaintiffs,

v.

MIDWEST BRICKPAVING,

Defendant.

---

Motions for default judgment brought by the plaintiffs in the above-captioned action were submitted to the court and subsequently filed with the clerk.

The court, having duly heard all issues and a decision having been duly rendered, find the following:

1. Defendant Midwest Brickpaving, Inc. has failed to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure.

2. Defendant Midwest Brickpaving, Inc. violated the Labor Management Relations Act of 1947, as amended, as well as the Employee Retirement Income Security Act of 1974, as amended, and the effective collective bargaining agreements by failing to pay fringe benefit contributions on behalf on its employees to the plaintiff funds and by failing to submit to an audit of the company's books and records by the plaintiff funds' designated representative covering the period of July 1, 2006 to the present date.

On the basis of these findings,

IT IS HEREBY ORDERED that:

(a) plaintiffs Wisconsin Laborers Health Fund, Wisconsin Laborers Pension Fund, Wisconsin Laborers Apprenticeship and Training Fund, Thomas Fisher and Wisconsin Laborers-Employers Cooperation and Education Trust Fund are entitled to a finding of default and an award of their costs of $394.00 and attorney fees of $425.25 incurred to date against defendant Midwest Brickpaving, Inc.;

(b) defendant Midwest Brickpaving, Inc. shall submit within ten (10) days of the date of this order to an audit of the company's books and records by the plaintiff funds' designated representative covering the period of July 1, 2006 to the present date;

(c) the results of the audit, along with affidavit(s) supporting the accuracy of the audit and any additional costs and attorney's fees shall be submitted to the court and to the defendant within ten (10) days of the completion of the audit;

(d) defendant shall have ten (10) days to oppose, move or otherwise respond to the audit and affidavits; and

(e) this matter shall then be promptly set for a hearing on entry of a final, default judgment.

Entered this 4th day of August, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge